

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DG
F. #2019R01319

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 17, 2022

<u>By ECF</u>
The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Pushpesh Kumar Baid, also known as "PK Jain"
     <u>Criminal Docket No. 21-367 (MKB)</u>

Dear Chief Judge Brodie:

  The government respectfully submits this letter in response to the defendant Pushpesh Kumar Baid's motion to modify his bail conditions by removing the condition of home detention and replacing it with a curfew. For the reasons set forth below, the government opposes the motion.

  I. <u>Factual Allegations</u>

  As alleged in the Complaint filed in January 2021 (21-MJ-110, Dkt. No. 1), the defendant conspired with others to defraud investors in a purported factoring company (the "Company") through a series of material misrepresentations about, among other things, the individuals who purportedly operated the Company; the nature of the Company's business; the relationship between the Company and the entities with which it was purportedly factoring invoices; and the ways in which the investors' investments would be used. (<u>Id.</u> ¶ 15).[1] The alleged scheme involved the formation of numerous corporate entities and bank accounts in the United States and abroad; millions of dollars of transfers between bank accounts opened in the names of the corporate entities; and the use of fictitious documents, including invoices that the investors were purportedly factoring through the Company. Ultimately, in approximately July 2019, the investors stopped receiving payments on invoices they had factored through the Company. At that time, the investors had more than $30 million in unpaid invoices outstanding.

---

[1] Factoring involves the sale of an invoice to a third-party for a discount. In a factoring transaction, the seller of an invoice obtains immediate funding from a buyer, and the buyer of an invoice makes a profit when the invoice is paid in full. The Company purported to be in the business of buying invoices.

The investors' funds were used for other purposes and they did not receive payments on the outstanding invoices. (Id. ¶¶ 16, 36).

The defendant represented himself as the "business head" of the Company. (See id. ¶18). However, instead of using his real name, he used the alias "PK Jain." (See id.). Among other things, the defendant was a signatory on a bank account opened in the name of a seller ("Seller 1") whose invoices the Company was purportedly factoring. (Id. ¶ 17). The defendant withdrew hundreds of thousands of dollars from that bank account in cash (id. ¶18); and spent hundreds of thousands of dollars on other expenses.

In the Company's August 2016 articles of organization, as well as numerous Company documents and contracts, an individual ("Individual 2") was listed in various leadership roles at the Company, including as its President and Chief Executive Officer. Individual 2, who was a friend of the defendant, did not work for the Company. (Id. ¶ 43). The Company's website is no longer publicly accessible.

II.   Procedural Background

In January 2021, the defendant was arrested on a complaint charging him with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. 21-MJ-110, Dkt. No. 1. The defendant was indicted in July 2021 on one count conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028(c)(5).

The defendant was released on bail in the Southern District of Florida in February 2021. There are two bonds: a $300,000 corporate surety bond and a $200,000 personal recognizance bond signed by two sureties. The bail package approved in the Southern District of Florida was adopted in the Eastern District of New York upon the defendant's appearance in this Court.

III.   Argument

The government submits that the following factors warrant the continued conditions of bail.

First, the defendant is a fugitive from India. Publicly-available information on the Indian government's Ministry of External Affairs website lists the defendant as a fugitive and details efforts, as of December 2018, to secure his return.[2] In determining the extent to which

---

[2] See https://www.mea.gov.in/rajya-sabha.htm?dtl/30801/QUESTION_NO1129_EXTRADITION_OF_PEOPLE_INVOLVED_IN_FINANCIAL_IRREGULARITIES; https://www.mea.gov.in/Images/amb1/ru1129_december20en.pdf (listing "Shri Pushpesh Baid" and "Shri Pushpesh Kumar Baid" and describing efforts "made for securing presence of these accused in the country. . . .") (last visited Feb. 17, 2022). Other publicly-available reports reference Baid's alleged fraud in India. See, e.g., https://www.indiatoday.in/india/story/ed-

2

the defendant is a flight risk from prosecution for economic offenses– either within the United States or abroad – the defendant's status as a fugitive from prosecution for other alleged economic offenses is instructive and counsels toward maintaining the current bail conditions.[3] Second, the defendant used an alias (PK Jain) in connection with the fraud alleged in this case and, in 2017, sought to legally change his name. (Complaint ¶ 5). Third, the defendant and his co-conspirators used the identity of another individual (Individual 2) in furtherance of the scheme and, as stated above, that individual was a friend of the defendant. In addition to using Individual 2's identity, the defendant and his co-conspirators used Individual 2's passport in connection with the scheme. Finally, the defendant is charged with a wire fraud conspiracy that caused more than $30 million in losses. If convicted, the government estimates that in addition to a two-year mandatory minimum for aggravated identity theft, the defendant's guidelines range will be approximately 97-121 months' imprisonment. The government's investigation of the defendant is ongoing.

    The defendant presents two main arguments as to why his bail conditions should be modified at this time. Neither warrants the requested modification. First, the defendant notes that he has not fled or violated his bail conditions. However, compliance with bail conditions is required. It is not, on its own, a justification for removing conditions. Second, the defendant states that the substantial amount of discovery in this case means that it will take a long time to review the material and prepare for trial, and the defendant has indicated his intention to do so. While the discovery in this case is indeed substantial, the amount of time that it may take to complete the review of discovery should not affect the conditions of the defendant's bail.[4] The defendant does not contend that the current bail conditions have limited his review of discovery and, if the defendant obtains a document review platform, as he indicated in his letter, he will presumably be able to access that platform from home. Moreover, the defendant currently has been permitted to travel to visit with his attorney.[5]

---

attaches-properties-worth-rs-67-crore-in-four-bank-fraud-cases-1786862-2021-04-03 (last visited Feb. 17, 2022).

[3] In his motion, the defendant states that he filed for asylum in the United States. He does not provide details as to the basis for the asylum claim.

[4] The technical details of the government's document production do not bear on the bail issue. However, the government notes that its production of documents is in a common format intended to facilitate the review (and searching) of large-scale productions. The "directories" the defendant refers to appear to be a reference to the same documents produced in different formats (e.g. native files or images). In any event, the government has been working with defense counsel to facilitate the review.

[5] The defendant states that he was aware of the government's investigation prior to his arrest. The government did not disclose its investigation to the defendant prior to his arrest.

IV. <u>Conclusion</u>

For the reasons set forth above, the government respectfully submits that the current bail conditions should remain in place.

Respectfully submitted,

BREON PEACE
United States Attorney

By: <u>/s/ David Gopstein</u>
David Gopstein
Assistant U.S. Attorney
(718) 254-6153

cc: Defense counsel (by ECF)