# EXHIBIT A

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

-----------------------------X   Docket#
UNITED STATES OF AMERICA,     : 21-cr-00367-DC-LB
                              :
                              :
     - versus -               : U.S. Courthouse
                              : Brooklyn, New York
PUSHPESH KUMAR BAID,          :
                              : April 21, 2025
              Defendant       : 10:22 a.m.
-----------------------------X
```

              TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
                BEFORE THE HONORABLE LOIS BLOOM
                UNITED STATES CHIEF MAGISTRATE JUDGE


**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government**:        **Breon S. Peace, Esq.**
                              United States Attorney

                        BY:  **Benjamin Stern, Esq.**
                              **Dylan Stern, Esq.**
                              **Molly Delaney, Esq.**
                              Assistant U.S. Attorneys
                              271 Cadman Plaza East
                              Brooklyn, New York 11201


**For the Defendant**:         **Kimberly Jones, Esq.**
                              **Robert S. Frenchman, Esq.**
                              Dynamis LLP
                              11 Park Place, 4th Floor
                              New York, NY 10007


**Transcription Service**:     **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

 1          THE CLERK:  Criminal Cause for Criminal Cause

 2  for Guilty Plea, docket number 21-cr-367, *United States*

 3  *of America v. Pushpesh Kumar Baid*.

 4          Will the parties please state their names for

 5  the record?

 6          MR. STERN:  Good morning, your Honor.  Dylan

 7  Stern, Benjamin Weintraub, and Molly Delaney for the

 8  government.

 9          MR. FRENCHMAN:  Bob Frenchman from the law firm

10  of Dynamis LLP.  I'm here with the defendant, Pushpesh

11  Baid and my colleague Kimberly Jones.

12          THE CLERK:  The Honorable Lois Bloom presiding.

13          THE COURT:  Good morning, Mr. Stern, Mr.

14  Weintraub, Ms. Delaney, Mr. Frenchman, Ms. Jones.  And

15  good morning, Mr. Baid.  Welcome to the Eastern District

16  of New York.

17          This is, as you know, on for a trial shortly

18  before the Honorable Denny Chin.  And it's been assigned

19  to Judge Chin and he is the judge who will make the

20  ultimate decision as to whether or not he will accept

21  your guilty plea.  And if he does accept it, he will be

22  the judge who sentences you.

23          You have the absolute right to have Judge Chin

24  listen to your plea without any prejudice to you.  Do you

25  understand?

3

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  First, let me make sure on the

3   record, Mr. Baid, do you speak and understand English?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Thank you.  And Mr. Frenchman, the

6   mic in front of you should have a green light.

7          MR. FRENCHMAN:  Yes.

8          THE COURT:  And can you bring it a little bit

9   closer to your client because I'm having a little

10  difficulty hearing him and I want to make sure that his

11  answers are reflected on the record.

12         MR. FRENCHMAN:  Perfect.

13         THE COURT:  Okay.  So again, you have the

14  absolute right to have Judge Chin listen to your plea

15  without any prejudice to you.  Do you understand?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And if you wish, I will listen to

18  your plea today and a transcript will be made and Judge

19  Chin will review the transcript in connection with your

20  sentence.

21         I have before me a form reflecting that you've

22  consented to have me hear your plea today.  I'm going to

23  ask my law clerk to walk this consent form over to you.

24         Mr. Baid, is this your signature on this form?

25         MR. FRENCHMAN:  He has not signed it.  It's his

4

Proceedings

1    name printed.

2            THE COURT:  Well, then that's important.  So

3    before you sign it, sir, before you sign it --

4            THE DEFENDANT:  Yeah.

5            THE COURT:  -- have you consulted with your

6    attorney about this form?

7            THE DEFENDANT:  Yes.

8            THE COURT:  And do you understand this form?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Then if you agree to have me hear

11   your plea today, please sign the form.

12           THE DEFENDANT:  Okay.

13           THE COURT:  Mr. Baid, I see that you have

14   signed the form.  Do you give your consent to have me

15   hear your plea voluntarily and of your own free will?

16           THE DEFENDANT:  Yes.

17           THE COURT:  And have any threats or promises

18   been made to induce you to agree to have me take your

19   plea here today?

20           THE DEFENDANT:  No.

21           THE COURT:  Then please pass the form to me.

22   Thank you.  And I am signing on the consent form and it

23   is dated today.  Who signed for the government?  Not that

24   I would be able to read your signature there, Mr. Stern.

25   I see your --

5

                            Proceedings

1        MR. STERN:  That is correct, it was me, your

2   Honor.

3        THE COURT:  That's you.  Okay.  And Mr.

4   Frenchman, even though it says a signature, did you sign

5   this form?  It looks like you printed your name.

6        MR. FRENCHMAN:  I printed my name.  I'll sign

7   it.

8        THE COURT:  These are my own rookie mistakes

9   for the day.  Not that I'm a rookie, but that I didn't

10  check and it looks like a printed signature for you and

11  your client.  Now Mr. Baid has signed, now you have

12  signed, now I can accept the consent.  Thank you.  Okay.

13        So Mr. Baid, you have the right to be

14  represented by counsel at trial and at every other stage

15  of the proceeding.  And if you are unable to afford

16  counsel, you may ask the Court to appoint counsel to

17  represent you.  Do you understand?

18        THE DEFENDANT:  Yes.

19        THE COURT:  You have retained Mr. Frenchman to

20  represent you.  Is that correct?

21        THE DEFENDANT:  Yes.

22        THE COURT:  And I am advised by your attorney

23  that you wish to plead guilty to the superseding

24  indictment filed in this district on March 25, 2024

25  charging you with two counts of conspiracy to commit wire

6

Proceedings

1  fraud, one count of aggravated identity theft, and one

2  count of conspiracy to commit money laundering.  You're

3  only pleading guilty to Count 1.  Do you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  This is a serious decision and this

6  Court must be certain that you understand your rights and

7  the consequences of your plea.  I will explain certain

8  matters to you and ask you to answer questions.  If I say

9  anything that you do not understand, please tell me and I

10  will rephrase the question.  Is that clear?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Will the clerk please swear the

13  defendant.

14          THE CLERK:  Mr. Baid, please raise your right

15  hand.

16  P U S H P E S H   K U M A R   B A I D,

17      called as a witness, having been first duly sworn,

18      was examined and testified as follows:

19          THE COURT:  Thank you.  You can put your hand

20  down.

21          Mr. Baid, you have just taken an oath to tell

22  the truth.  Do you understand that if you answer any of

23  the questions today falsely, your answers may be used

24  against you in another criminal prosecution for perjury

25  or for making a false statement?

Transcriptions Plus II, Inc.

7

Proceedings

1              THE DEFENDANT:  Yes.

2              THE COURT:  What is your full name, sir?

3              THE DEFENDANT:  Pushpesh Kumar Baid.

4              THE COURT:  And how old are you?

5              THE DEFENDANT:  44.

6              THE COURT:  And what schooling or education

7    have you had?

8              THE DEFENDANT:  Baylor High School, India.

9              THE COURT:  I'm sorry?

10             THE DEFENDANT:  Baylor High School, India.

11   Yeah.

12             THE COURT:  High school in India.

13             THE DEFENDANT:  Yeah.

14             THE COURT:  So you finished high school in

15   India?

16             THE DEFENDANT:  No, I completed my graduation

17   in India, yeah.

18             THE COURT:  Tell me what does that mean in

19   India?  I'm not as familiar as you are.  So you went to

20   12th grade plus --

21             THE DEFENDANT:  No, no.  I completed my

22   college.  So 12 plus three years.

23             THE COURT:  So three years after high school.

24             THE DEFENDANT:  Yeah.

25             THE COURT:  And have you had any difficulty

Transcriptions Plus II, Inc.

8

Proceedings

1  in communicating with your attorney?

2          THE DEFENDANT:  No.

3          THE COURT:  And, Mr. Frenchman, have you had

4  any difficulty in communicating with Mr. Baid either

5  directly or did you ever have to use an interpreter?

6          MR. FRENCHMAN:  No.

7          THE COURT:  Mr. Baid, are you presently or have

8  you recently been under the care of a doctor or a

9  psychiatrist?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Tell me.

12          THE DEFENDANT:  I've been to like a couple of

13  therapists and a psychiatrist like last couple of years.

14  So you know --

15          THE COURT:  And what are you being treated for?

16          THE DEFENDANT:  It was more about like -- I was

17  going through my divorce and everything, so that was,

18  yeah.

19          THE COURT:  So it was focused on personal

20  issues --

21          THE DEFENDANT:  Personal, yeah.

22          THE COURT:  -- relating to your divorce?

23          THE DEFENDANT:  Yeah, yeah.

24          THE COURT:  And when was the last time that you

25  saw this person?

9

Proceedings

1          THE DEFENDANT:  Last year.

2          THE COURT:  And where you prescribed any

3    medication?

4          THE DEFENDANT:  Yes.

5          THE COURT:  What type of medication?

6          THE DEFENDANT:  I don't remember the name.

7          THE COURT:  Are you still taking it?

8          THE DEFENDANT:  No.

9          THE COURT:  Have you ever been hospitalized or

10   treated for any mental illness?

11          THE DEFENDANT:  No.

12          THE COURT:  Have you ever been hospitalized or

13   treated for an addiction to drugs?

14          THE DEFENDANT:  I never take any drugs.

15          THE COURT:  Have you ever been hospitalized or

16   treated for an addiction to alcohol or any other

17   substance?

18          THE DEFENDANT:  I never consumed it.

19          THE COURT:  In the past 24 hours have you taken

20   any pill, medicine or drug of any kind?

21          THE DEFENDANT:  Yes.

22          THE COURT:  What have you taken?

23          THE DEFENDANT:  Advil.

24          THE COURT:  And when did you take Advil?

25          THE DEFENDANT:  Last night.

10

Proceedings

1          THE COURT:  And why did you take Advil?

2          THE DEFENDANT:  I was having a headache.

3          THE COURT:  And is your mind clear as you sit

4    before the Court now?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Have you drank any alcohol in the

7    past 24 hours?

8          THE DEFENDANT:  I never drink.

9          THE COURT:  So the answer is no?

10         THE DEFENDANT:  No.  Yeah.

11         THE COURT:  Thank you.  Do you understand these

12   proceedings here today?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Mr. Frenchman, have you discussed

15   the question of a guilty plea with your client?

16         MR. FRENCHMAN:  Yes.

17         THE COURT:  I expect lawyers to stand when they

18   address the Court.  I do not expect the defendant to

19   stand.  Just for future.

20         In your view, does Mr. Baid understand the

21   rights he would be waiving by pleading guilty?

22         MR. FRENCHMAN:  Yes.

23         THE COURT:  And is he capable of understanding

24   the nature of these proceedings?

25         MR. FRENCHMAN:  Yes.

11

Proceedings

1           THE COURT:  And do you have any doubts as to

2   his competency to proceed here today?

3           MR. FRENCHMAN:  No.

4           THE COURT:  Have you advised Mr. Baid of the

5   penalties that can be imposed and discussed the

6   applicable sentencing considerations including the

7   sentencing guidelines?

8           MR. FRENCHMAN:  Yes.

9           THE COURT:  Thank you.  You can be seated.

10           Mr. Baid, have you had an opportunity to

11   discuss your case with your attorney?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Are you satisfied with the

14   assistance your attorney has given you thus far in this

15   matter?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Mr. Baid, have you received a copy

18   of the superseding indictment against you?  I would

19   appreciate it, Mr. Frenchman --

20           THE DEFENDANT:  Yes.

21           THE COURT:  -- if you could put that document

22   in front of Mr. Baid.  It's on your computer, Ms. Jones?

23           MS. JONES:  Is that okay?

24           THE COURT:  That's fine.  Just put it in front

25   of your client.  Thank you.  Yes, that would be easier.

12

Proceedings

1          MR. STERN:  I have an extra copy if helpful.

2          THE COURT:  Let's hand a paper copy.  Thank you

3    very much.

4          Again, Mr. Baid, have you received a copy of

5    the superseding indictment against you?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And have you consulted with your

8    attorney about the charges you will be pleading guilty

9    to?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And do you understand the charges

12   against you?

13         THE DEFENDANT:  Yes.

14         THE COURT:  It's very important, Mr. Baid, that

15   you understand that you have a right to plead not guilty

16   to this indictment and to persist in that plea.  Under

17   the constitution and laws of the United States, you would

18   then have a right to a speedy and public trial before a

19   jury with the assistance of your attorney.  Do you

20   understand?

21         THE DEFENDANT:  Yes.

22         THE COURT:  You are presumed to be innocent and

23   would not have to prove that you were innocent.  At

24   trial, the burden is on the government to prove beyond a

25   reasonable doubt that you are guilty of the crime

13

Proceedings

1    charged.  Do you understand?

2              THE DEFENDANT:  Yes.

3              THE COURT:  I have been told that you are

4    pleading guilty to Count 1 of the superseding indictment

5    which charges you a conspiracy to commit wire fraud.

6              THE DEFENDANT:  Yes.

7              THE COURT:  The elements of conspiracy to

8    commit wire fraud in violation of 18 United States Code

9    Section 1349 are that you and at least one other person

10   agreed to violate the federal wire fraud statute 18 USC

11   1343; that you knowingly and intentionally joined the

12   agreement with the specific intent to commit the offense

13   that was the object of the conspiracy; that there was a

14   scheme or artifice to defraud or to obtain money or

15   property by materially false and fraudulent pretenses,

16   representations, or promises; that you knowingly and

17   willfully participated in the scheme or artifice to

18   defraud with knowledge of its fraudulent nature and with

19   specific intent to defraud; and in the execution of that

20   scheme you used or caused the use of interstate wires.

21   Do you understand?

22             THE DEFENDANT:  Yes.

23             THE COURT:  If the government fails to present

24   sufficient evidence to prove the elements of the crime

25   you are charged with beyond a reasonable doubt, the jury

14

Proceedings

1    would have the duty to find you not guilty.  Do you

2    understand?

3                  THE DEFENDANT:  Yes.

4                  THE COURT:  In the course of a trial, witnesses

5    for the government would have to come to court and

6    testify in your presence.  Your lawyer would have the

7    right to cross-examine these witnesses, to object to

8    evidence offered by the government, and to offer evidence

9    in your behalf.  You would also have the right to compel

10   the attendance of witnesses at trial.  Do you understand?

11                 THE DEFENDANT:  Yes.

12                 THE COURT:  Although you have the right to

13   testify at a trial, you cannot be compelled to testify

14   and incriminate yourself.  If you decided not to testify,

15   the Court would instruct the jury that they could not

16   hold that against you.  Do you understand?

17                 THE DEFENDANT:  Yes.

18                 THE COURT:  If you plead guilty, I will ask you

19   questions about what you did in order to satisfy myself

20   that you are guilty of the charge to which you seek to

21   plead guilty and you will have to answer my questions and

22   acknowledge your guilt.  Thus, you will be giving up the

23   right that I have just described, that is the right not

24   to say anything that would show that you are guilty of

25   the crime with which you are charged.  Do you understand?

15

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  If you plead guilty and the Court

3    accepts your guilty plea, you will be giving up your

4    right to a trial and all the other rights I have just

5    discussed with you.  There will be no trial and the Court

6    will simply enter a judgment of guilty based on your

7    plea.  Do you understand?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Mr. Baid, are you willing to give

10   up your right to a trial and the other rights I have just

11   discussed with you?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Mr. Stern, is there an agreement

14   pursuant to which this plea is being offered?

15         MR. STERN:  Yes, your Honor.

16         THE COURT:  And is that the document that was

17   handed to my court clerk which is now marked Court

18   Exhibit 1?

19         MR. STERN:  I believe so, Judge.

20         THE COURT:  I am going to have my clerk walk

21   this document over to you.  I want you to look at every

22   page with your lawyer.  And then at the last page, which

23   this time I will note is signed, I'm going to ask is that

24   your signature at the end of you reviewing it.  Make sure

25   it is the document you have reviewed.

16

Proceedings

1              THE DEFENDANT:  Yeah.

2                   (Pause in proceedings)

3              THE COURT:  Mr. Baid, is that your signature on

4     page 12 of the agreement?

5              THE DEFENDANT:  Yeah.

6              THE COURT:  And is that the agreement that you

7     reviewed with your attorney before you signed it?

8              THE DEFENDANT:  Yeah.

9              THE COURT:  Please pass it back to my law

10    clerk.  Thank you.

11             Mr. Baid, I trust that you thoroughly reviewed

12    this with your attorney, not just in the courtroom.  So

13    I'm just going to summarize the agreement.  I'm not going

14    to read the entire agreement into the record.

15             You're pleading guilty to Count 1 of the

16    superseding indictment charging you with a violation of

17    Title 18 United States Code Section 1349.  In exchange,

18    the government agrees that no criminal charges will be

19    brought against you for your participation in one, a

20    conspiracy to commit wire fraud between April 2017 and

21    October 2019 in connection with Tradepay Capital, LLC as

22    charged in Count 1 of the indictment.

23             Two, aggravated identity theft between April

24    2017 and October 2019 as charged in Count 2 of the

25    indictment.

Proceedings

17

1          Three, a conspiracy to commit wire fraud

2    between June 2018 and March 2021 in connection with Luck

3    Street, Incorporated, formerly known as Asset Capital

4    Partners, LLC, as charged in Count 3 of the indictment.

5          And four, a conspiracy to commit money

6    laundering between April 2017 and March 2021 in

7    connection with Tradepay Capital, LLC and Luck Street,

8    Incorporated as charged in Count 4 of the indictment.

9          When I'm referring to the indictment, I am

10   referring to the superseding indictment.  Do you

11   understand?

12          THE DEFENDANT:  Yes.

13          THE COURT:  It is understood that this

14   agreement does not bar the use of such conduct as a

15   predicate act or as the basis for sentencing enhancement

16   in a subsequent prosecution.  The government has also

17   agreed that at the time of sentence that it will move to

18   dismiss any underlying indictments with prejudice.  Do

19   you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Mr. Baid, you have agreed not to

22   file an appeal or otherwise challenge the conviction or

23   sentence herein in the event the Court imposes a term of

24   imprisonment of 240 months or below.  Do you understand?

25          THE DEFENDANT:  Yes.

18

Proceedings

1          THE COURT:  You have also agreed to waive all

2   defenses based on the statute of limitations and venue

3   with respect to any prosecution that is not time-barred

4   on the date the agreement is signed and you waive the

5   right to raise an appeal or on collateral review any

6   argument that the statute to which you are pleading

7   guilty is unconstitutional and that the admitted conduct

8   is within the scope of the statute.  Do you understand?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Have you thoroughly and completely

11   reviewed this plea agreement with your attorney?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand the agreement?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Does the written agreement that you

16   have signed and reviewed with your attorney accurately

17   reflect your entire understanding of the agreement that

18   you have entered into with the government?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Other than the promises contained

21   in the written agreement, has anyone made any other

22   promises to you that have caused you to plead guilty?

23          THE DEFENDANT:  No.

24          THE COURT:  Has anyone made any promise to you

25   as to what your sentence will be?

19

Proceedings

1              THE DEFENDANT:  No.

2              THE COURT:  Mr. Baid, let me discuss with you

3    the consequences of your pleading guilty today.

4              You're pleading guilty to the two counts, to

5    the one count in the superseding indictment as we just

6    discussed.  Excuse me, the one count, conspiracy to

7    commit wire fraud.

8              For Count 1, the statute that you are pleading

9    guilty to provides for a zero-year minimum, and a 20-year

10   maximum term of imprisonment.  Do you understand?

11             THE DEFENDANT:  Yes.

12             THE COURT:  There is a maximum supervised

13   release term of three years which it shall follow any

14   term of imprisonment.  And if a condition of release is

15   violated, you may be sentenced to up to two years without

16   credit for pre-release imprisonment or time previously

17   served on post-release supervision even if the violation

18   of supervised release occurs close to the end of the

19   supervised period.  Do you understand?

20             THE DEFENDANT:  Yes.

21             THE COURT:  The maximum fine is $250,000 or

22   twice the gross gain or loss, whichever is greater.  Do

23   you understand?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Restitution is mandatory in the

20

Proceedings

1  full amount of each victim's losses as determined by the

2  Court, but no less than $35,056,852.83 to be paid in

3  accordance with the restitution order to be filed under

4  seal with the Court in connection with the plea.  Do you

5  understand?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Frenchman, he was looking both

8  to Ms. Jones and to you, but you were writing on your

9  pad.  Do you want a moment with your client about the

10  restitution order?

11              (Pause in proceedings)

12          THE DEFENDANT:  Yes.

13          THE COURT:  You understand that amount is the

14  mandatory law.  In other words, not less than

15  $35,056,852.83 to be paid?  Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  In addition, there's a $100 special

18  assessment that needs to be paid before sentencing.  Do

19  you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  There is the additional consequence

22  of removal from the United States of America if you are

23  not a citizen of the United States.  Do you understand?

24          THE DEFENDANT:  Yes.

25          THE COURT:  There is also criminal forfeiture

21

Proceedings

1   which is set forth in this plea agreement, paragraph 7

2   through 13.  Do you understand the criminal forfeiture

3   provisions?

4            THE DEFENDANT:  Yes.

5            THE COURT:  You have agreed not to challenge

6   the criminal forfeiture provisions.  And the government

7   will expect you to cooperate in collecting on the

8   criminal forfeiture.  Do you understand?

9            THE DEFENDANT:  Yes.

10           THE COURT:  In determining what sentence to

11  impose, Judge Chin will consider the guidelines issued by

12  the United States Sentencing Commission and the other

13  factors specified by Section 3553(a) of Title 18 of the

14  United States Code to determine whether to impose a

15  sentence within that range.  These other factors

16  considered include the nature and circumstances of the

17  crimes committed, your characteristics and history, and

18  the public interest in the sentence.

19           Prior to sentencing, the Court will receive a

20  pre-sentence report containing information about these

21  factors and the guidelines.  You and your lawyer will

22  have the opportunity to see that report and to speak on

23  your behalf at sentencing.  Do you understand?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Mr. Baid, have you and your

22

Proceedings

1  attorney talked about how the Sentencing Commission

2  guidelines might apply in your case?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Although the guidelines are

5  advisory, has the government estimated what the

6  sentencing guideline range is likely to be?

7          MR. STERN:  We have, your Honor.

8          THE COURT:  Can you please put that on the

9  record, Mr. Stern?

10          MR. STERN:  Yes.  With the defendant's

11  acceptance of responsibility, we calculate the offense

12  level to be 39.  That carries an advisory guidelines

13  range of imprisonment of 262 to 327 months.  Given that

14  the statutory maximum is 20 years, it creates an

15  effective advisory guidelines range of 240 months.

16          THE COURT:  And Mr. Frenchman, is that also

17  your estimate?

18          MR. FRENCHMAN:  Yes, your Honor.

19          THE COURT:  Thank you.  Please keep in mind,

20  Mr. Baid, that these are just estimates and could be

21  wrong.  Judge Chin will calculate the guideline range and

22  determine whether to follow or depart from the applicable

23  range.

24          If your sentence is higher than you expect it

25  to be, you will not be able to withdraw your guilty plea.

23

Proceedings

1   Is that clear?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you understand that?

4           THE DEFENDANT:  Yes.

5           THE COURT:  In addition to imprisonment, you

6   may be sentenced to supervised release.  As I said,

7   supervised release means that after you are released from

8   prison, your activities will be supervised by the

9   probation department and there may be many restrictions

10  placed on your liberty such as travel limitations,

11  requirements that you report to a probation officer,

12  prohibitions on carrying guns, and other limitations.  Do

13  you understand the nature of supervised release?

14          THE DEFENDANT:  Yes.

15          THE COURT:  If you violate the conditions of

16  the release, you can be returned to prison.  So if you

17  don't follow the conditions of supervised release, your

18  prison term could be lengthened by the entire term of the

19  supervised release that is imposed.  Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Mr. Baid, if you are not a citizen

22  of the United States of America, your conviction will

23  also have the consequence of your removal from the United

24  States.  It is virtually certain that a non-citizen

25  convicted of this crime will not be able to obtain relief

24

Proceedings

1   from removal or permission to be readmitted to the United

2   States.  Entering this guilty plea therefore means that

3   if you are not a citizen, you will be removed from the

4   United States after your term of imprisonment and you

5   will not be allowed to reenter the United States in the

6   future.  Do you understand?

7           THE DEFENDANT:  Yes.

8           THE COURT:  You must affirm that you want to

9   plead guilty even though you are not a citizen, you will

10  be removed from the United States, and will not be able

11  to reenter the United States.  Do you affirm that you

12  still want to plead guilty despite these immigration

13  consequences?

14          THE DEFENDANT:  Yes.

15          THE COURT:  If after you are sentenced, Mr.

16  Baid, you or your attorney think that the Court has not

17  properly followed the law in sentencing you, you can

18  appeal your sentence to a higher court.

19          However, you have agreed not to appeal or

20  otherwise challenge your conviction or sentence in the

21  event the Court imposes a term of 240 months or below.

22  Do you understand?

23          THE DEFENDANT:  Yes.

24          THE COURT:  By pleading guilty, you will not,

25  except under very rare circumstances, be able to

25

Proceedings

1  challenge your judgment of conviction.  Do you

2  understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Mr. Baid, do you have any questions

5  you would like to ask me about the charge, your rights,

6  or anything else relating to this matter?

7            THE DEFENDANT:  No.

8            THE COURT:  Is everything clear to you?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Mr. Frenchman, do you know of any

11  reason why your client should not enter a plea of guilty

12  to the charge?

13           MR. FRENCHMAN:  No.

14           THE COURT:  Are you aware of any viable legal

15  defense.

16           MR. FRENCHMAN:  No.

17           THE COURT:  Mr. Baid, are you prepared and

18  ready to plead?  I'd ask you, Mr. Frenchman, to remain

19  standing because I'm going to ask Mr. Baid to stand when

20  he pleads.

21           Are you ready to plead, sir?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Pushpesh Kumar Baid, how do you

24  plead to Count 1 of the superseding indictment; guilty or

25  not guilty?

26

Proceedings

1          THE DEFENDANT:  Guilty.

2          THE COURT:  Are you making this plea of guilty

3    voluntarily and of your own free will?

4          THE DEFENDANT:  Voluntary or --

5          THE COURT:  Are you making this plea of guilty

6    voluntarily and of your own free will?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Has anyone threatened or forced you

9    to plead guilty?

10         THE DEFENDANT:  No.

11         THE COURT:  Has anyone made you any promise

12   that has caused you to plead guilty?

13         THE DEFENDANT:  No.

14         THE COURT:  Has anyone made you any promise

15   about the sentence you will receive?

16         THE DEFENDANT:  No.

17         THE COURT:  Please describe briefly in your own

18   words what you did in connection with the crime charged

19   in the sole count of the indictment.  And if you'd like

20   to, you can be seated to enter that.

21         THE DEFENDANT:  Oh.  Thank you.

22         In or about April 2017, I became involved with

23   a company called Tradepay which represented --

24         THE COURT:  Slow down and speak clearly.  Thank

25   you.

27

Proceedings

1      THE DEFENDANT:  In or about April 2017 I became

2  involved with a company called Tradepay which represented

3  itself as (indiscernible) that sold invoices.  I

4  (indiscernible) Tradepay.

5          Initially in or about June 2018 I became

6  involved with a company called Assets Capital Partners,

7  LLC in Miami, Florida, which changed its name in July

8  2019 to Luck Street Incorporation.  Luck Street

9  Incorporation was a company that involved financing of

10  luxury watches.

11          As a part of my participation in both Luck

12  Street and Tradepay, I did things that included opening

13  of bank accounts under certain names, certain activities,

14  and making financial transactions such as moving money

15  between different accounts.

16          Eventually, I realized that both Luck Street

17  and Tradepay were involved in illegal activity including

18  wire fraud.  After I realized this, I entered into a

19  conspiracy with others to engage in wire fraud.  Some of

20  the individuals with whom I conspired were located

21  outside of the United States in India.

22          In or about April 2017 to October 2019, I

23  willfully and knowingly agreed with the others to engage

24  in wire fraud.  I knowing and willfully misled any new

25  investors to invest in Tradepay despite knowing the

28

Proceedings

1  fraudulent nature of (indiscernible) and that the

2  investments would be not used in the way that I promised.

3          Specifically, I agreed to mislead Tradepay

4  investors about my personal background, Tradepay's

5  customer and employees and specific business that were

6  conducting (indiscernible) transactions with Tradepay.

7          Additionally, in or about, between 2018, 2021,

8  March, I willfully knowingly agreed with Mr. Choudhary

9  and to engage in other -- engage in wire fraud.  I

10 knowingly and willfully misled any new investors to

11 invest in Luck Street despite knowing the fraudulent

12 nature of (indiscernible) and that investments would not

13 have been used in the way that I promised to the

14 investors.

15         Specifically, I agreed to misled investors on

16 Luck Street customers, my personal background, and

17 specific watch that was holding as collateral.

18         THE COURT:  I'm sorry, can you repeat that

19 sentence, sir?

20         THE DEFENDANT:  Specifically, I agreed to

21 misled investors about Luck Street's customers, my

22 personal background, and specific watches that Luck

23 Street was holding as collateral.

24         During all these schemes I knew that

25 investments would not have been used to finance

29

Proceedings

1  legitimate operations at Luck Street or Tradepay but

2  instead would have been used for (indiscernible)

3  stakeholders in Luck Street and Tradepay including

4  myself.

5           Also during these schemes, my co-conspirator,

6  Mr. Choudhary, and I used interstate wires to send emails

7  and conduct phone and video calls across state lines

8  including the investors in New York while I was located

9  in Miami.

10           I understand these documents -- that these

11  schemes caused substantial financial hardship to 25 or

12  more victims.  That amount that investors lost in

13  Tradepay scheme was over 25 million.  And I also

14  understand the amount of investments lost in Luck Street

15  was over $550,000.

16           THE COURT:  You mentioned investors in New

17  York.  Do you know where those investors were in New

18  York?

19           THE DEFENDANT:  Exactly I don't know but --

20           THE COURT:  Mr. Stern?

21           MR. STERN:  Your Honor, I can proffer that at

22  least with regard to the Luck Street scheme, there was an

23  investor located in Lido Beach, New York.  And with

24  regard to --

25           THE COURT:  Lido Beach.

30

Proceedings

1      MR. STERN:  Lido Beach.

2      THE COURT:  Thank you very much.

3      MR. STERN:  I should know better.  I represent

4  the Eastern District.

5      THE COURT:  Lido Beach, yes.

6      MR. STERN:  I should also proffer, your Honor,

7  that in connection with the Tradepay scheme, Mr. Baid

8  traveled to and from the Eastern District of New York in

9  furtherance of that scheme including flights into

10 LaGuardia Airport to meet with investors.

11     THE COURT:  Was that within the years that he

12 is pleading?

13     MR. STERN:  Yes, your Honor.

14     THE COURT:  And Mr. Frenchman, does your client

15 agree with that proffer from the government?

16     MR. FRENCHMAN:  Yes, your Honor.

17     THE COURT:  Thank you.  Were there other things

18 that you believed I needed to address in the plea?

19     MR. STERN:  No, your Honor.

20     THE COURT:  And is there any other matter that

21 needs to be addressed?

22     MR. STERN:  No, your Honor.

23     THE COURT:  And Mr. Frenchman, was there any

24 matter regarding the plea that needs to be addressed?

25     MR. FRENCHMAN:  No, your Honor, nothing else.

31

Proceedings

1      THE COURT:  Thank you.  Then based on the

2  information given to me, I find that Mr. Pushpesh Kumar

3  Baid is acting voluntarily, that he is competent, that he

4  fully understands the charges, his rights, and the

5  consequences of his guilty plea here today, and that

6  there is a factual basis for his guilty plea.

7      I therefore recommend to Judge Chin that he

8  should accept Mr. Baid's plea of guilty to Count 1 of the

9  indictment.  You should be in touch with Judge Chin as to

10  sentencing.

11      I will give the government back the plea

12  agreement.  I will order a transcript of the proceedings

13  for Judge Chin.

14      Was there anything else that needed to be

15  addressed on behalf of the United States today?

16      MR. STERN:  One moment, please, your Honor.

17          (Pause in proceedings)

18      MR. STERN:  Your Honor, I'll take that plea

19  back as well.  But the one thing that we wanted to

20  address was the defendant's release.  Given now that the

21  defendant has pled guilty, the presumption has shifted.

22  He needs to now demonstrate by clear and convincing

23  evidence that he does not pose a risk of flight.  Mr.

24  Baid has in the past in connection with criminal

25  proceedings abroad has fled.  And so the government's

32

Proceedings

1  position is that he cannot meet that burden.  And so

2  despite the fact that he has been out on release for the

3  past four years, which the government acknowledges, given

4  the standard under 3143 and Mr. Baid's history, we would

5  move for remand.

6              THE COURT:  Mr. Frenchman?

7              MR. FRENCHMAN:  Yeah.  So obviously this

8  defendant has been on bond for years.  I'm not aware of

9  any issues with -- certainly not anything resembling

10 flight risk.

11             I will tell you that last week he went to get

12 an MRI and we were in touch with his Pretrial officer in

13 the Southern District of Florida and that officer, Ethan

14 Martinez, instructed him to cut his bracelet for the MRI

15 and then report back to the courthouse several hours

16 later after the procedure, and he did.  Obviously, the

17 level of trust is very high and the Pretrial officer

18 doesn't think there's any fight risk, and nor do we.

19 He's been on bond for years now and frankly we were given

20 no notice of this request.

21             THE COURT:  That's more important to me in some

22 respects because for him to be able to prepare, his life

23 is in Florida, whoever stood up for him when he was

24 originally released on April 21st -- I mean sorry, March

25 5, 2021 would not be able to be here if there were going

33

Proceedings

1  to be more onerous conditions that were going to be set.

2          I did ask Pretrial Services to reach out to the

3  Southern District of Florida to get reports.  And again,

4  his travel documents have been given over to Pretrial.  I

5  don't know what the MRI was for.  Is there anything you

6  would like to put on the record regarding the MRI?

7          MR. FRENCHMAN:  Yes.  It was for his back.  And

8  you can't do an MRI with the ankle monitor.

9          THE COURT:  That's not why I was asking because

10  again, being treated when you're in a federal facility is

11  a little more difficult than being treated for a

12  condition when you're at liberty.  So I was asking about

13  why he was getting an MRI to get a little more

14  information about medical attention.

15          MR. FRENCHMAN:  Yeah, it was for his back.

16          THE COURT:  Again, that doesn't give me a whole

17  lot of information.  It's for his back.  Okay.  It's for

18  his lung, it's for his brain.  I mean that just is --

19          MR. FRENCHMAN:  I don't have a ton, but --

20          THE COURT:  You have your client next to you.

21  Speak to your client for a moment.

22          MR. FRENCHMAN:  He does have -- he has been

23  told that he will need surgery, back surgery, at some

24  point.  Okay.  He'll speak to it.

25          THE DEFENDANT:  Your Honor --

34

Proceedings

1      THE COURT:  I don't think you need to speak to

2  it.  Look, Mr. Stern, I'm not against the government

3  moving for remand when somebody has pled guilty.  I am

4  not against you -- again, he has no legal status here.

5  At least that's what it seems from looking over the

6  Pretrial Services report.  You haven't brought that up,

7  so I don't know whose custody he would be in.

8      So again, these are all things that I expect

9  the government, if they're going to ask for remand, will

10 have answers to.  Do you have the answers to those

11 questions?

12     MR. STERN:  With regard to his custody?

13     THE COURT:  Yes.

14     MR. STERN:  My understanding is that he would

15 be put in the detention center rather than --

16     THE COURT:  MDC?

17     MR. STERN:  At the MDC, yes, your Honor.

18     THE COURT:  Which has the finest medical care

19 in the land.  Sorry.  I should not be facetious at all.

20     MR. STERN:  My understanding that he would be

21 at the MDC pending sentencing.  Yes, your Honor.

22     THE COURT:  This is what I would say to do.  If

23 you are intending to make this motion because there were

24 people that stood up for him before the Southern District

25 of Florida, you want to get more on a bond to make sure

35

Proceedings

1  that he's not a risk of flight because that's the only

2  thing that you're giving me as the basis for his

3  detention, give notice, and we'd be glad in the Eastern

4  District to put this on for another detention or bail

5  hearing.  But again, as a surprise to somebody who has

6  been at liberty since he was arrested March 5, 2021, has

7  reported, is being supervised in the Southern District of

8  Florida, like the Eastern District of New York not a

9  stranger to people who have foreign ties, not a place

10  where they are recommending that as soon as the plea is

11  taken that he be taken into custody, I don't have any of

12  that here.

13          MR. STERN:  We understand, your Honor.

14          THE COURT:  I have you standing up saying

15  because of his plea the burden has shifted, which is

16  true, but he is still entitled to notice and an

17  opportunity to be heard on these issues.  And the people

18  who have stood up for him in Florida, if they were

19  required to come before the Court, would probably make

20  that effort.  But right now all I have is you standing

21  up.  And I do want Mr. Frenchman to detail whatever

22  medical care it is that he is receiving because just

23  saying he had to cut off the bracelet because he has a

24  back problem does nothing for him.

25          I do think that Judge Chin is not the one who

36

Proceedings

1  will necessarily determine the detention.  If you need to

2  make an application, you can make it to the duty

3  magistrate judge.

4          MR. STERN:  Okay.

5          THE COURT:  But with the information that

6  you've given just saying now that has pled, the burden

7  has shifted, I'm not going to find that to be a basis to

8  take him into custody today.

9          MR. STERN:  Understood, Judge.  Just the one

10 piece that I did want to highlight, and I did mention

11 this, so this might be unnecessary, is just it's not

12 merely that the burden has shifted.  It's that the

13 defendant does have a history of fleeing from criminal

14 problems.

15          THE COURT:  He fled India.

16          MR. STERN:  Correct, your Honor.

17          THE COURT:  And again, he has been known to the

18 government here for the four years since he was arrested

19 in March of 2021.  And if they wanted to get him back to

20 India to face any of those charges, as I said, he has no

21 status here.  That would be a point number one in

22 anything I was bringing to the Court's attention.  His

23 status here, he came in with a visa and he no longer has

24 any legal status.

25          MR. STERN:  That is my understanding, Judge.

37

Proceedings

1      THE COURT:  So again, I'm not saying that you

2   can't make your application.  I just want it to be on a

3   more fulsome record than saying that he's a risk of

4   flight because he fled India.

5      MR. STERN:  Understood, Judge.

6      THE COURT:  Thank you.  Was there anything else

7   that needed to be addressed, Mr. Stern, before we

8   adjourn?  So I'm not denying your request.  I'm just

9   saying that if you want to make such a request, please do

10  it on a more substantial written basis so that the

11  defendant has notice of what the government's asking

12  for --

13     MR. STERN:  Understood.

14     THE COURT:  -- and be able to counter it if

15  there is a way to counter it.  Mr. Frenchman, is there

16  anything else that needs to be addressed?

17     MR. FRENCHMAN:  No, your Honor.

18     THE COURT:  Then this matter is adjourned.

19  Good luck, everyone.

20             (Matter concluded)

21                  -oOo-

22

23

24

25

38

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **21st** day of **April**, 2025.

_Mary Greco_

Transcriptions Plus II, Inc.