UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

              - v-                                   :        **MEMORANDUM DECISION**
                                                             **AND ORDER**

PUSHPESH BAID,                              :

                                                       21-CR-367 (DC)

                Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:              JOSEPH NOCELLA, JR.
                          United States Attorney for the
                          Eastern District of New York
                                    By:     Dylan A. Stern,
                                            Benjamin Weintraub,
                                            Molly N. Delaney,
                                            Assistant United States Attorneys
                          271 Cadman Plaza East
                          Brooklyn, New York  11201

                          KEVIN J. KEATING, ESQ.
                          Attorney for Defendant
                          666 Old Country Road, Suite 900
                          Garden City, New York  11530


CHIN, Circuit Judge:

        Defendant Pushpesh Baid pled guilty to one count of conspiracy to

commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343.  *See* Dkt. 161.  On January

22, 2026, this Court denied Baid's motion to withdraw his guilty plea, imposed a within-

Guidelines sentence of 240 months' imprisonment, and granted the Government's

motion to remand Baid to the custody of the Bureau of Prisons following sentencing.

*See* Jan. 22, 2026 Minute Entry; *see also* Dkt. 195 at 1.

On March 16, 2026, Baid moved for bail pending appeal and for a stay of financial penalties, which includes $2,607,689 in forfeiture payments and $31,504,413.55 in restitution.  Dkt. 221; *see* Dkts. 166, 225.  The Government filed its opposition on March 27, 2026, and Baid filed his reply on April 2, 2026.  Dkts. 223, 224.   For the reasons set forth below, the motion is DENIED.

## DISCUSSION

I.    **Legal Standard[1]**

Release pending appeal is governed by Section 3143 of the Bail Reform Act.  *See* Fed. R. Crim. P. 46(c); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991). To obtain bail pending appeal, a defendant must show by "clear and convincing evidence" that he does not pose a flight or safety risk.  18 U.S.C. § 3143(b)(1)(A).  The defendant must further show that the appeal is "not for the purpose of delay" and raises a "substantial question of law or fact" likely to result in reversal, a new trial, a non-custodial sentence, or a reduced sentence.  *Id.* § 3143(b)(1)(B).  Section 3143

---

[1]    The Government argues that Baid's motion should be treated as one for reconsideration of this Court's decision ordering a remand after sentencing, and that such a motion should be denied for untimeliness and on the merits.  *See* Gov. Opp. at 11-12.  Because the Court denies Baid's motion under the standard governing bail pending appeal pursuant to 18 U.S.C. § 3143, the Court does not conduct an independent analysis under the standard governing motions for reconsideration.

establishes a "presumption in favor of detention," *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004), and the defendant bears the burden of persuasion to rebut this presumption, *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985).  As detailed below, Baid fails to meet his burden for multiple reasons.

## II.    Flight Risk

Baid has not shown by clear and convincing evidence that he poses no risk of flight.

First, Baid has access to significant financial resources, including over $31 million in unrecovered funds owed to victims.  In earlier proceedings, Baid admitted to taking portions of victim funds for himself, transferring them to overseas accounts he controlled, and otherwise moving the funds between fraudulent accounts.  PSR ¶ 13, 21; Gov. Opp. at 15-16.  He has also stated that his family and friends in India are financing his legal defense, and would come to see him in the United States.  *See* Dkt. 215 at 4:11-13 (Baid explaining to the Court that his "friend[s] and family" are "international" and "it takes around like four or five days . . . to get the money to the lawyer's account"); Sentencing Transcript at 48:3-5 (defense counsel explaining that Baid "has family in India and friends in India that would like to come and visit him and see him before he goes away to prison").  Here, the "high probability" that Baid has access to significant assets -- whether generated from his own conduct or provided by friends and family -- means that he could easily finance flight.  *United States v. Esposito*, 309 F. Supp. 3d 24, 31

3

(S.D.N.Y.), *aff'd*, 749 F. App'x 20 (2d Cir. 2018) (summary order); *see United States v. Sabhnani*, 493 F.3d 63, 76-77 (2d Cir. 2007) (reasoning that defendants posed risk of flight for purposes of pre-trial release because they had "assets in the millions of dollars [that] they could easily access," and could "easily persuade some friend or family member to lend them the money necessary to finance flight").

Second, Baid previously fled from India, where he was wanted for fraud and other criminal offenses.  PSR ¶¶ 15, 47.  Although the Defendant argues that he does not have a valid passport and will not otherwise flee to India because he is subject to an International Criminal Police Organization ("INTERPOL") warrant, *see* Sentencing Transcript 47:20-21, 48:2; Mot. at 17, his history of flight to avoid the consequences of criminal conduct undermines his argument that he would not attempt to similarly do so here.  *See United States v. Berrios-Berrios*, 791 F.2d 246, 249 (2d Cir. 1986) (affirming district court's determination of flight risk for purposes of pre-trial release in part based on its reasoning that defendant's "sudden relocation" before trial "had been for the purpose of avoiding arrest"); *see also United States v. Bonilla*, 388 F. App'x 78, 80 (2d Cir. 2010) (summary order) (affirming district court's determination of flight risk despite defendant having surrendered his passport).

Third, Baid has a history of using fraudulent conduct to advance his own interests.  This includes misrepresenting his own identity throughout the course of the fraud scheme at issue here by using an alias, setting up fake companies, and fabricating

signatures, financial records, and invoices.  PSR ¶ 11, 15, 20, 21.  This raises the possibility that he may use similarly fraudulent methods to effectuate his flight.  *See United States v. Fishbein*, No. 21-CR-296 (AS), 2024 WL 3876305 (S.D.N.Y. Aug. 20, 2024) ("[Defendant] has a history of unlawfully using other people's identities and falsifying documents, which makes it difficult to trust that he will not flee."); *cf. United States v. El-Hage*, 213 F.3d 74, 80 (2d Cir. 2000) (per curiam) (reasoning that defendant's "apparent access to false documents" supports a finding of flight risk).

Finally, the Court acknowledges Baid's argument that he has previously complied with conditions of pre-trial release.  *See* Mot. at 17.  But he has since been sentenced to a lengthy term of imprisonment -- 240 months -- that is significant enough to create an incentive to flee.  *See United States v. Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990) (per curiam) (reasoning that a ten year mandatory minimum and a potential Guidelines range of 292-365 months created a "powerful incentive to flee that did not exist pre-trial"); *United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) (summary order) (reasoning that a sentence of 87-108 months was sufficient incentive); *United States v. Molina*, No. 19-CR-449 (NSR), 2022 WL 3041237, at *3-4 (S.D.N.Y. Aug. 2, 2022) (holding sentence of 192 months' imprisonment was sufficient incentive where defendant was incident-free during his two-year period on bail).  In short, Baid has not met his burden of establishing that he is not a flight risk by clear and convincing evidence, which is a dispositive basis for denying his motion for bail pending appeal.

5

### III.    Delay and Substantial Question of Law or Fact

Even if Baid had rebutted the presumption of detention with regard to flight risk, *see* 18 U.S.C. § 3143(b)(1)(A), he has not shown that his appeal would not be for purposes of delay, nor has he raised a substantial question of law or fact for appeal, *see id.* § 3143(b)(1)(B)).  The Second Circuit has explained that, for purposes of § 3143(b)(1)(B), a "substantial" question is one "of more substance than would be necessary to a finding that it was not frivolous," or "one that very well could have been decided the other way." *Randell*, 761 F.2d at 125 (citation modified).  Even if a district court finds that a question raised on appeal is "substantial," it must go on to consider whether it is "so integral to the merits of the conviction . . . that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.* (citation modified).

Baid has not identified any substantial question in this case.  Baid indicates that he intends to appeal this Court's denial of his motion to withdraw his guilty plea.  Mot. at 10.  His motion, however, raises the same arguments that this Court considered and rejected in denying his motion, including that his then-counsel pressured him into pleading, stated that he was unprepared to try the case, and assured him that he would receive a lower sentence than what was imposed.  *See* Mot. at 2-6; 12-14.

6

These arguments were thoroughly rejected on the record, during which the Court analyzed each of the factors under Fed. R. Crim. P. 11(d)(2)(B) -- (1) whether there was an assertion of innocence, (2) the amount of time that has elapsed between the plea and the motion, and (3) whether the government would be prejudiced by withdrawal. *See United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004) (per curiam); Sentencing Transcript at 6-8. After finding that each factor weighed against permitting withdrawal, the Court then addressed Baid's arguments about the voluntariness of his guilty plea and rejected them, concluding that Baid entered his plea voluntarily, knowingly, and intelligently based on his statements at his plea allocution, *id.* at 8:12-17, that he misrepresented and exaggerated purported threats made by his then-counsel, *id.* at 11:13-20, and that then-counsel's statements appeared to reflect a "blunt assessment of the prospects at trial" that did not render his plea involuntary, *id.* at 10:5-6.

Baid's repetition of these arguments in his present motion, which primarily relies on the same affidavits from himself and his family members that were submitted in his earlier motion to withdraw his guilty plea, is wholly insufficient to "raise a significant question about the voluntariness of the original plea." *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008).

Moreover, Baid has not met his burden to show that his appeal is being pursued for purposes other than delay. To begin, the original motion to withdraw was

filed nine months after the plea was entered, and a day and a half before sentencing. *See* Sentencing Transcript at 7:8-9. The motion was filed after incoming counsel had specifically requested the third adjournment of sentencing in this case to prepare a sentencing memorandum, which was in fact never submitted. *See id.* at 15:19-20. This series of events accords with the broader history of delay in this case. Since the case was filed in 2021, Baid asked to adjourn trial three times, asked to adjourn sentencing three times (twice because he withdrew counsel), and retained four sets of lawyers (three of whom made motions for further adjournment after they were substituted). *See* Gov. Opp. 4-9. In this context, the Court is unpersuaded that the instant motion is not another attempt to delay the imposition of punishment.

## CONCLUSION

For the reasons discussed, Baid's motion for bail pending appeal is DENIED. Baid's motion to stay financial penalties, which goes entirely unaddressed in his briefing, is similarly DENIED.

SO ORDERED.

Dated:      Brooklyn, New York
            April 16, 2026

_s/Denny Chin_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

8